IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                       : CASE NO. 4:13 CV 2642
DAJUAN BURNS,                                          :
                                                       :
                                  Petitioner           : MEMORANDUM AND ORDER
                                                       : ADOPTING THE MAGISTRATE
              -vs-                                     : JUDGE'S REPORT AND
                                                       : RECOMMENDATION AND
                                                       : DISMISSING THE PETITIONER'S
  MIKE OPPY,                                           : PETITION FOR HABEAS RELIEF
                                                       :
                                  Respondent.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

   Pursuant to Local Rule 72.2(b)(2), the instant petition for the Writ of Habeas Corpus was referred to United States Magistrate Judge Nancy A. Vecchiarelli for report and recommendation ("R&R"). On 24 October 2014, the Magistrate Judge recommended that the Petition be dismissed with prejudice. (Doc. 17). The petitioner, through counsel, now objects. (Doc. 19). For the reasons that follow, the petitioner's objections will be overruled, the R&R adopted, and the petition dismissed.

**I.**

Because the relevant factual and procedural background of this case has been fully described in Magistrate Judge Vecchiarelli's Report and Recommendation, it will not be repeated here. The Court will recount only the procedural and factual history necessary to resolving the petitioner's objections.

Over an eight-month period in 2008, while the petitioner DaJuan Burns was incarcerated at the Ohio State Penitentiary, corrections officers alleged that Mr. Burns was involved in a number of violent incidents that included stabbing an officer with a sharp piece of metal. On May 21, 2009, a Mahoning County Grand Jury indicted the petitioner on nine counts, including charges of possession of a deadly weapon while under detention, felonious assault, harassment with a bodily substance, and assault.

During the petitioner's trial, an issue arose when the court determined that the petitioner's lawyer had deliberately disregarded the trial judge's orders. At the conclusion of the state's case in chief, the trial judge held the petitioner's attorney in contempt. Counsel continued to represent the petitioner through the conclusion of trial. The petitioner was ultimately found guilty on two counts: possession of a deadly weapon while under detention; and felonious assault. He was acquitted on the remaining counts. The petitioner was sentenced to a total of thirteen years incarceration.

The petitioner filed a direct appeal, arguing that he was denied effective assistance of counsel at trial because the trial court's decision to hold his attorney in contempt created a conflict of interest that prevented her from effectively representing him. The petitioner argued that, under these facts, prejudice to his defense should have

been presumed, pursuant to United States v. Cronic, 466 U.S. 648 (1984). The state appellate court disagreed, concluding that the petitioner failed to demonstrate "'that an actual conflict of interest adversely affected his lawyer's performance.'" State v. Burns, 2012-Ohio-2698 (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). The court of appeals accordingly affirmed the petitioner's conviction. The petitioner filed a notice of appeal in the Ohio Supreme Court. The court declined jurisdiction and dismissed the appeal.

On November 27, 2013, the petitioner filed a petition for the writ of habeas corpus in this Court, raising the same issue described above:

> Petitioner Burns' Sixth Amendment right to effective assistance of counsel was violated when the state trial court and the court of appeals failed to apply the appropriate standard as set forth in United States v. Cronic, 466 U.S. 648 (1984), presuming prejudice as trial counsel was operating under a conflict of interest.
>
> Supporting Facts: Trial counsel faced a contempt charge during trial, thus creating an actual conflict of interest which prevented counsel from being able to effectively represent Petitioner Burns. The proper standard for ineffective assistance of counsel where there is an actual conflict of interest is the standard set forth in United States v. Cronic, 466 U.S. 648 (1984), not that set out in Strickland v. Washington, 466 U.S. 668 (1984).

(Doc. 1, pp. 6-7).

After the petition was fully briefed, it was referred to Magistrate Judge Vecchiarelli for report and recommendation. The Magistrate Judge considered whether the state court of appeals unreasonably applied clearly established federal law when it rejected the petitioner's ineffective assistance of counsel claim. She concluded that it did not. The petitioner now objects to that conclusion.

**II.**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

**III.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000)). "Under the 'unreasonable application' clause, a federal habeas court

4

may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[M]ixed question[s] of law and fact are reviewed under the 'unreasonable application' prong. . . ." Biros v. Bagley, 422 F.3d 379, 386 (6th Cir. 2005)." "Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence." Id.

## IV.

The petitioner first argues that Magistrate Judge Vecchiarelli erred by failing to apply the Cronic standard. The petitioner argues that the Magistrate Judge improperly "plac[ed] the burden on Mr. Burns to demonstrate both 'that counsel actively represented conflicting interest and that an actual conflict adversely affected his lawyer's performance.'" (Doc. 19, pp. 6-7 (quoting Report and Recommendation, p. 11)).

The Court disagrees. The question here is whether the state appellate court produced a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. In this Court's view, the Magistrate Judge correctly determined that it did not. Generally, ineffective assistance counsel claims are governed by Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a petitioner must demonstrate two things: (1) that counsel's performance fell below the standard of reasonably competent representation; and (2) that counsel's ineffective performance caused prejudice to the petitioner. Under certain circumstances, however, prejudice is a given, irrespective of counsel's actual

5

performance. See United States v. Cronic, 466 U.S. 648, 658 (1984). Falling into the category of cases where prejudice is presumed is Cuyler v. Sullivan, 446 U.S. 335 (1980). In that case, the Supreme Court held that "prejudice is presumed when counsel is burdened by an actual conflict of interest." Strickland v. Washington, 466 U.S. 668, 692 (1984). Under Cuyler, a defendant must demonstrate that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 350, 348.

In this instance, the petitioner's ineffective assistance of counsel claim is plainly governed by Cuyler, because the basis of the petitioner's claim is that the trial court's contempt ruling allegedly created a conflict of interest by "forcing defense counsel to make a difficult choice between defending her client and protecting her livelihood." (Doc. 4, p. 6). As discussed at length by the Magistrate Judge, the state appellate court properly considered whether trial counsel "actively represented conflicting interests" and whether the alleged conflict "adversely affected his lawyer's performance." Having answered both questions in the negative, the state appellate court reasonably decided against the presumption of prejudice pursuant to Cuyler and Cronic. The petitioner's first objection is accordingly overruled.

In his second objection, the petitioner contends that the Magistrate Judge erred by accepting the state appellate court's conclusion that the petitioner's trial counsel was not operating under an actual conflict of interest. The Court disagrees. On habeas review, the question is whether the state appellate court unreasonably applied the governing law to the facts of the petitioner's case. Williams, 529 U.S. at 413. "[I]n making the 'unreasonable application' inquiry, [the Court] should ask whether the state

court's application of clearly established federal law was 'objectively' unreasonable." Rockwell v. Yukins, 341 F.3d 507, 511 (6th Cir. 2003) (quoting Williams, 529 U.S. at 413). In this instance, while the petitioner insists that the state appellate court's conclusion was incorrect, he fails to provide any meaningful argument that its analysis was "objectively unreasonable." Therefore, the petitioner's second objection is overruled.

**V.**

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted in its entirety, and the petition is dismissed with prejudice.

IT IS SO ORDERED.

               /s/ Lesley Wells
               UNITED STATES DISTRICT JUDGE

Date:  20 January 2015